FILED
SUPERIOR COURT
OF GUAM

2022 JAN 12 PM 2: 25

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DAISY GUZMAN RAMIREZ II,<br><br>                                    Defendant. | Case No. CM0311-21<br><br>**DECISION AND ORDER**<br>**(Defendant's Motion to Dismiss with**<br>**Prejudice as an Inappropriate Prosecution**<br>**Pursuant to 9 GCA § 7.67(b))** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino for an evidentiary hearing on Daisy Ramirez Guzman II's ("Defendant") Motion to Dismiss with Prejudice as an Inappropriate Prosecution Pursuant to 9 GCA § 7.67(b), filed on October 19, 2021. Peter J. Santos represents Defendant. Katherine M. Nepton represents the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion to Dismiss with Prejudice as an Inappropriate Prosecution Pursuant to 9 GCA § 7.67(b).

### BACKGROUND

On July 23, 2021, Guam Police Department ("GPD") Officers responded to a complaint of a disturbance at a residence. *People v. Guzman*, CM0268-21 Mag. Complaint at 2, July 24, 2021. Daisy C. Ramirez ("Victim") informed the Officers that her daughter was threatening

her and that she did not feel safe in her home. *Id.* Earlier that evening, Defendant arrived at Victim's house—Defendant's parents' house—pounded on the door, and said, "I will kill you or I will find people who will." *Id.* Defendant struck Victim's upper body with her shoulder. *Id.* Defendant then threw Victim's items around the living room while yelling "bitch." *Id.* The Officers reviewed video of Defendant and Victim's interaction, and confirmed Victim's story was accurate. *Id.* Defendant was arrested and charged with Family Violence (As a Misdemeanor). *Id.* at 1. Defendant was arraigned, released from custody, and ordered to stay away from Victim. Order of Conditional Release and Appearance Bond, July 24, 2021. The stay away order listed a number of places Defendant must stay away from, including her parents' house. *Id.* On September 30, 2021, Defendant entered into a deferred guilty plea on the Family Violence (As a Misdemeanor) charge. FV Misdemeanor Plea Conditions Deferred, Oct. 1 2021.

On August 14, 2021, GPD Officers responded to a complaint of a violation of a court order at a residence. Mag. Complaint at 3, Aug. 16, 2021. Sergio Ramirez ("Witness")—Defendant's father—informed the officers that Defendant was sitting on the porch of his residence despite a court order forbidding her from coming to his residence. *Id.* Officer Ascura asked Defendant if she knew about the court order and Defendant responded "yes." *Id.* Officer Ascura arrested Defendant, and she was charged with Violation of a Court Order (As a Misdemeanor). *Id.* at 1–3. Defendant filed this Motion to Dismiss on October 19, 2021, and the People filed a response. Def.'s Mot. to Dismiss with Prejudice as an Inappropriate Prosecution Pursuant to 9 GCA § 7.67(b), Oct. 19, 2021 (hereinafter "Def.'s Mot. to Dismiss"); People's Opp'n. to Def.'s Mot. to Dismiss with Prejudice (hereinafter "People's Opp'n."), Oct. 27, 2021. The Court held a hearing on the motion on November 1, 2021. Minute Entry, Nov. 1, 2021.

## DISCUSSION

Defendant moves to dismiss the instant case pursuant to 9 GCA § 7.67(b). Def.'s Mot. to Dismiss at 1. Defendant contends that the People should have declined to prosecute the case because Defendant was simply at Victim's home; she did not threaten, harass, or assault anyone. *Id.* at 2. Defendant further argues that this case should have been a "police service removal" and not an arrest. *Id.* Lastly, Defendant notes that the People and Defendant were in the process of finalizing the Deferred Family Violence Plea Agreement ("DFVPA") in CM0268-21 when this incident occurred, effectively defeating the DFVPA. *Id.* at 2–3. Defendant maintains that "contact was requested by all parties." *Id.* at 2. The People argue that dismissal with prejudice is not warranted because "there is justice in seeking that court orders be followed." People's Opp'n. at 3–4, Oct. 27, 2021. The People further argue that while the parties were in the process of finalizing the DFVPA, the "resolution of one crime does not diminish a second crime." *Id.* at 4.

Title 9 GCA § 7.67(b) provides "[t]he court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct. . . [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." In order to consider dismissal under 9 GCA § 7.67(b), the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *People v. Perez*, 2004 Guam 4 ¶ 16. The Court determines the risk of harm to society by evaluating (1) the attendant circumstances; (2) the existence of contraband; (3) the value of the property involved; (4) the use or threat of violence; and (5) the use of weapons. *Id.* at ¶ 12 (citing *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987)).

Guam law defines the offense of Violation of a Court Order as a "knowing violation. . . [of] an order removing or excluding a person from the family dwelling or from the dwelling of another, or from any habitable property, as defined in Subsection (b) of § 34.10, Chapter 34 of this Title." 9 GCA § 30.40(a)(2). Assuming all factual allegations in this matter to be true, Defendant sat on the porch of her parents' house until GPD officers arrived and arrested her. Defendant told the officers that she was aware of this court order. Mag. Complaint at 3. Therefore, the Court finds the elements of Violation of a Court Order are met here.

Defendant correctly points out that there was no use of violence or threat of violence, nor was there use of weapons. Digital Recording at 9:29:15–9:42:09. Additionally, there was no contraband or a high value of property involved. *Id.* While these factors suggest a low risk of harm to society, the Court notes the seriousness of the attendant circumstances. The reason the Court ordered Defendant to stay away from her parents' house was because she threatened to kill Victim. The Court also finds the gravity of disobeying an order from a court outweighs the fact that Defendant was not violent and did not threaten or harass Victim while she was at Victim's house. The "evil sought to be prevented by the law" is not—as the Defendant argues—violence or threats, but rather the act of disobeying the court order itself.

Defendant argues that there is no good purpose for pursuing this case. *Id.* However, there is an interest in justice regarding the law of prohibiting a violation of a court order. Digital Recording at 9:29:15–9:42:09. An order issued by a court is worthless if there is no incentive to follow it. Moreover, the People state they chose to charge this case because there is an "epidemic of people ignoring stay away orders." *Id.* Consequently, contrary to Defendant's assertions, the Court believes that potential deterrence from this case makes it a good use of judicial resources. Lastly, Defendant states that this case ruins the purpose and goals of the plea agreement in the underlying case. *Id.* The Court disagrees. The purpose and

goals of the underlying case are to ensure that Victim is safe and that Defendant is rehabilitated for her actions. Directly disobeying a court order achieves neither of those goals. Accordingly, the Court finds that the "evil sought to be prevented by this law"—disobeying a court order—did occur in this case.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Defendant's Motion to Dismiss with Prejudice as an Inappropriate Prosecution Pursuant to 9 GCA § 7.67(b).

SO ORDERED, this ___12___ day of ___January___ 2022.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam